UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Lee Petry, <br><br> Plaintiff, <br><br> v. <br><br> Gurstel Law Firm, P.C., <br><br> Defendant. | Civil Case No. 25-CV-03770-JRT-DTS <br><br> **ANSWER** |

Defendant Gurstel Law Firm, P.C. ("Gurstel"), by and through its undersigned counsel, hereby files its answer to Plaintiff's complaint (the "Complaint"), and states and alleges as follows:

Except as hereinafter admitted, qualified, or otherwise answered, Gurstel denies each and every allegation against it contained in the Complaint. Gurstel denies any and all liability to Plaintiff under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") or any statute, law, or theory in this matter. Gurstel denies that Plaintiff is entitled to any of the relief sought herein from Gurstel.

1

## INTRODUCTION

1.  In response to Paragraph 1 of Plaintiff's Complaint, Gurstel states the allegations constitutes statements of law that do not require a response.

## PARTIES

2.  In response to Paragraph 2 of Plaintiff's Complaint, Gurstel, upon information and belief, admits only that Plaintiff is a natural person. Gurstel is without sufficient information or knowledge to form a belief as to the truth of the allegations concerning Plaintiff's residence and therefore denies the same. As for the remainder allegations in Paragraph 2 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions, to which no response is required.

3.  In response to Paragraph 3 of Plaintiff's Complaint, Gurstel admits only that it is law firm that conducts business in Minnesota and that its principal executive office is located at 6681 Country Club Drive, Golden Valley, MN 55427-4601. As to the remainder of the paragraph allegations, Gurstel states the allegations constitute legal conclusions, to which no response is required.

## JURISDICTION

4.  In response to Paragraph 4 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions, to which no response is required.

5.  In response to Paragraph 5 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions, to which no response is required.

6.  In response to Paragraph 6 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions, to which no response is required.

7. In response to Paragraph 7 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions, to which no response is required.

## BACKGROUND

8. In response to Paragraph 8 of Plaintiff's Complaint, Gurstel admits Plaintiff incurred a financial obligation he failed to repay. Gurstel states the remainder of the allegations constitute legal conclusions to which no response is required.

9. In response to Paragraph 9 of Plaintiff's Complaint, Gurstel admits.

10. In response to Paragraph 10 of Plaintiff's Complaint, Gurstel admits, subject to the actual contents of the cited pleadings, filings, records, and documents. Gurstel denies any allegation or characterization inconsistent therewith. Gurstel further denies the implication that anything was improperly signed or averred in the referenced action.

11. In response to Paragraph 11 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any statute, law, or theory in this matter.

12. In response to Paragraph 12 of Plaintiff's Complaint, Gurstel states that the referenced exhibit speaks for itself and denies any allegation or characterization inconsistent therewith. Gurstel denies any failure to comply with the FDCPA as alleged in this paragraph. Gurstel denies any and all liability to Plaintiff under the FDCPA or any statute, law, or theory in this matter.

13. In response to Paragraph 13 of Plaintiff's Complaint, Gurstel states that the referenced exhibit speaks for itself and denies any allegation or characterization

inconsistent therewith. Gurstel denies any failure to comply with the FDCPA as alleged in this paragraph. Gurstel denies any and all liability to Plaintiff under the FDCPA or any statute, law, or theory in this matter.

14. In response to Paragraph 14 of Plaintiff's Complaint, Gurstel states that the referenced exhibit speaks for itself and denies any allegation or characterization inconsistent therewith. Gurstel denies any failure to comply with the FDCPA as alleged in this paragraph. Gurstel denies any and all liability to Plaintiff under the FDCPA or any statute, law, or theory in this matter.

15. In response to Paragraph 15 of Plaintiff's Complaint, Gurstel states that the referenced exhibit speaks for itself and denies any allegation or characterization inconsistent therewith. Gurstel denies any failure to comply with the FDCPA as alleged in this paragraph. Gurstel denies any and all liability to Plaintiff under the FDCPA or any statute, law, or theory in this matter.

16. In response to Paragraph 16 of Plaintiff's Complaint, Gurstel states that the referenced exhibit speaks for itself and denies any allegation or characterization inconsistent therewith. Gurstel denies any failure to comply with the FDCPA as alleged in this paragraph. Gurstel denies any and all liability to Plaintiff under the FDCPA or any statute, law, or theory in this matter.

17. In response to Paragraph 17 of Plaintiff's Complaint, Gurstel states that the referenced exhibit speaks for itself and denies any allegation or characterization inconsistent therewith. Gurstel denies any failure to comply with the FDCPA as alleged in

this paragraph. Gurstel denies any and all liability to Plaintiff under the FDCPA or any statute, law, or theory in this matter.

18. In response to Paragraph 18 of Plaintiff's Complaint, Gurstel states that the referenced exhibit speaks for itself and denies any allegation or characterization inconsistent therewith. Gurstel denies any failure to comply with the FDCPA as alleged in this paragraph. Gurstel denies any and all liability to Plaintiff under the FDCPA or any statute, law, or theory in this matter.

19. In response to Paragraph 19 of Plaintiff's Complaint, Gurstel states that the referenced exhibit speaks for itself and denies any allegation or characterization inconsistent therewith. Gurstel denies any failure to comply with the FDCPA as alleged in this paragraph. Gurstel denies any and all liability to Plaintiff under the FDCPA or any statute, law, or theory in this matter.

20. In response to Paragraph 20 of Plaintiff's Complaint, Gurstel is without sufficient information or knowledge to admit or deny the allegations and therefore denies the same. Gurstel denies any failure to comply with the FDCPA as alleged in this paragraph. Gurstel denies any and all liability to Plaintiff under the FDCPA or any statute, law, or theory in this matter.

## **PRELIMINARY MATTERS**

21. In response to Paragraph 21 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions that require no response.

22. In response to Paragraph 22 of Plaintiff's Complaint, Gurstel denies.

23. In response to Paragraph 23 of Plaintiff's Complaint, Gurstel is denies.

24. In response to Paragraph 24 of Plaintiff's Complaint, Gurstel denies.

25. In response to Paragraph 25 of Plaintiff's Complaint, Gurstel denies "robo-signing" anything. Gurstel denies any failure to comply with the FDCPA as alleged in this paragraph. Gurstel denies any and all liability to Plaintiff under the FDCPA or any statute, law, or theory in this matter.

26. In response to Paragraph 26 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions that do not require a response.

27. In response to Paragraph 27 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions that do not require a response.

28. In response to Paragraph 28 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions that do not require a response.

29. In response to Paragraph 29 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions that do not require a response.

30. In response to Paragraph 30 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions that do not require a response.

31. In response to Paragraph 31 of Plaintiff's Complaint, Gurstel states the allegations constitute legal conclusions that do not require a response.

32. In response to Paragraph 32 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

33. In response to Paragraph 33 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

## CAUSES OF ACTION

### COUNT I

34. In response to Paragraph 34 of Plaintiff's Complaint, Gurstel reinstates and realleges each of the preceding paragraphs as though stated fully herein and incorporates the same by reference.

35. In response to Paragraph 35 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

36. In response to Paragraph 36 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

37. In response to Paragraph 37 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

38. In response to Paragraph 38 of Plaintiff's Complaint, Gurstel states the allegations are legal conclusions that do not require a response.

39. In response to Paragraph 39 of Plaintiff's Complaint Gurstel states the allegations are legal conclusions that do not require a response.

40. In response to Paragraph 40 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

41. In response to Paragraph 41 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

42. In response to Paragraph 42 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

43. In response to Paragraph 43 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

44. In response to Paragraph 44 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

45. In response to Paragraph 45 of Plaintiff's Complaint, Gurstel states the allegations are legal conclusions to which no response is required.

46. In response to Paragraph 46 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

## COUNT II

47. In response to Paragraph 47 of Plaintiff's Complaint, Gurstel reinstates and realleges each of the preceding paragraphs as though stated fully herein and incorporates the same by reference.

48. In response to Paragraph 48 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

49. In response to Paragraph 49 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

50. In response to Paragraph 50 of Plaintiff's Complaint, Gurstel denies. Gurstel denies any and all liability to Plaintiff under the FDCPA or any other statute, law, or theory in this matter.

## **TRIAL BY JURY**

Gurstel denies Plaintiff is entitled a jury trial.

## PRAYER FOR RELIEF

In response to the "WHEREFORE" clause of Plaintiff's Complaint and each of its subsections, Gurstel denies any and all liability to Plaintiff under any statute, law, or theory in this matter. Gurstel denies Plaintiff is entitled to any relief sought herein from Gurstel.

## ADDITIONAL DEFENSES

1. Gurstel alleges that Plaintiff's complaint fails to state a claim upon which relief may be granted.

2. Gurstel alleges that at all times relevant hereto, Gurstel acted in good faith and in compliance with the law, including the FDCPA.

3. Gurstel alleges that Plaintiff lacks damages and denies that Plaintiff suffered any actual injury as a result of any alleged act, omission, or conduct of Gurstel.

4. Gurstel alleges that, to the extent Plaintiff has suffered any damages, they were caused by Plaintiff and/or parties over which Gurstel has no control.

5. Gurstel alleges that Plaintiff has suffered no damages proximately caused by Gurstel.

6. Gurstel alleges that if Plaintiff has suffered any damages, which is denied, Plaintiff failed to mitigate her damages.

7. Gurstel alleges that any alleged "violation" of the FDCPA – which is denied – resulted from an unintentional, bona fide error notwithstanding the maintenance of policies and procedures reasonably adapted to avoid any such error.

8. Gurstel reserves the right to assert additional defenses as discovery and investigation continue.

**WHEREFORE**, Defendant Gurstel Law Firm, P.C. prays that Plaintiff take nothing by his asserted claims, including any of the relief requested in the "WHEREFORE" clause of the Complaint, or any of its subparts, and that the lawsuit be dismissed with prejudice and on the merits, and that Gurstel be awarded its attorneys' fees, costs, disbursements, and any other relief the Court deems just and proper.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: November 18, 2025     By: */s/ Patrick D. Newman*
Patrick D. Newman (MN #395864)
100 South Fifth Street, Suite 1500
Minneapolis, MN  55402
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
Email: pnewman@bassford.com

***Attorneys for Gurstel Law Firm, P.C.***